**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TED AMPARAN, | No. 20-55711 |
| Petitioner-Appellant, | D.C. No.<br>3:18-cv-02522-BTM-WVG |
| v. | |
| M. ELIOT SPEARMAN, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Submitted April 6, 2022[**]
Pasadena, California

Before: SCHROEDER and GRABER, Circuit Judges, and McNAMEE,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen M. McNamee, United States District Judge for the District of Arizona, sitting by designation.

Petitioner Ted Amparan appeals the district court's denial of his petition for writ of habeas corpus under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254. Reviewing de novo, Lopez v. Thompson, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc), we affirm.

1. The state court of appeals permissibly found that Amparan was sentenced under subdivision (c) of California Penal Code Section 667.6. Though the sentencing court stated initially that it would sentence Amparan under subdivision (d) only, the court later stated it would "do it under both." We must afford the state court deference on questions of fact, Lopez, 202 F.3d at 1116, and Amparan has not rebutted the presumption of correctness here. Additionally, the court of appeals' finding was not unreasonable, and thus does not meet the requirements for relief under § 2254(d).

2. Amparan's consecutive sentences under subdivision (c) cannot be the basis for habeas relief. Under subdivision (c), consecutive sentences are discretionary, but to impose consecutive sentences, the court is required to provide a statement of reasons or, at minimum, recognize "that two sentence choices are involved." People v. Senior, 5 Cal. Rptr. 2d 14, 24 (Cal. Ct. App. 1992). Here, the sentencing court did not provide a statement of reasons. But a "trial court's alleged failure to list reasons for imposing consecutive sentences" cannot function as the

basis for federal habeas relief, <u>Souch v. Schaivo</u>, 289 F.3d 616, 623 (9th Cir. 2002), because the decision to impose sentences "consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus," <u>Cacoperdo v. Demosthenes</u>, 37 F.3d 504, 507 (9th Cir. 1994) (denying habeas relief where the petitioner argued his due process rights were violated because the trial court imposed consecutive sentences without explanation).

3. Amparan also asserts, for the first time on appeal, a Sixth Amendment violation. We decline to consider the issue. <u>See</u> <u>Cacoperdo</u>, 37 F.3d at 507 ("Habeas claims that are not raised before the district court in the petition are not cognizable on appeal.").

**AFFIRMED.**